CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED-for RKS

SEP 03 2014

JULIA C. DUDLEY, CLERK
BY: HMcDonad
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ADRIAN ROBINSON, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MARION CORRECTIONAL AND )<br>TREATMENT CENTER, et al., )<br>    Defendants. ) | Civil Action No. 7:14-cv-00383<br><br>**MEMORANDUM OPINION**<br><br>By:  Hon. Jackson L. Kiser<br>      Senior United States District Judge | |

Adrian Robinson, a Virginia inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff names various staff of the Marion Correctional and Treatment Center ("MCTC") as defendants. Plaintiff complains that he should have been allowed to appeal a state involuntary commitment order and that defendant Sgt. Pamela Shumate did not make copies of documents in time for Plaintiff to file them in two federal appeals. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A.[1] After reviewing Plaintiff's submissions, I dismiss the action without prejudice for failing to state a claim upon which relief may be granted.

---

[1] I must dismiss an action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

    Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

Inmates have a constitutional right to reasonable access to courts to challenge their convictions or vindicate their constitutional rights. See Bounds v. Smith, 430 U.S. 817, 838 (1977). The right of reasonable access to courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." Christopher v. Harbury, 536 U.S. 403, 415 (2002). Thus, in order to plead a backward looking denial of reasonable access to courts claim, Plaintiff must specifically identify a non-frivolous legal claim that a defendant's actions prevented him from litigating. Id. at 415-16; Lewis v. Casey, 518 U.S. 343, 353 n.3 (1996). This requirement means Plaintiff "must come forward with something more than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions. . . . The fact that an inmate may not be able to litigate in exactly the manner he desires is not sufficient to demonstrate the actual injury element of an access to courts claim." Godfrey v. Washington Cnty., Va., Sheriff, No. 7:06-cv-00187, 2007 U.S. Dist. LEXIS 60519, at *39, 2007 WL 2405728, at *13 (W.D. Va. Aug. 17, 2007) (Turk, J.) (citing Lewis, 518 U.S. at 351).

Plaintiff identifies three civil proceedings to which access to courts was allegedly frustrated: an unspecified appeal to the Supreme Court of the United States; Adrien v. Unknown, an appeal to the Court of Appeals for the Fourth Circuit; and an appeal to the Supreme Court of Virginia for an involuntary commitment order entered by a Virginia circuit court. Plaintiff does not describe any basis for any of the appeals. Consequently, Plaintiff fails to identify a non-frivolous legal claim that warranted constitutionally protected access to courts.[2]

---

[2] Federal court records reveal an appeal to the Supreme Court of the United States by Plaintiff in Robinson v. Barack H. Obama, No. 11-7089. The U.S. District Court for the Eastern District of Virginia and Court of Appeals for the Fourth Circuit dismissed the underlying action and appeal, respectively, as frivolous. Robinson v. Obama, No. 1:11-cv-00808, slip op. at 2 (E.D. Va. Aug. 3, 2011), appeal dismissed, No. 11-7089 (4th Cir. 2011). The

2

Furthermore, Plaintiff fails to identify the defendant who frustrated access to the Supreme Court of Virginia for an appeal of the state circuit court's involuntary commitment order.[3] See Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991) (recognizing § 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs). Moreover, the fact that prison staff may not have complied with correctional policies or procedures does not state a constitutional claim. See, e.g., United States v. Caceres, 440 U.S. 741, 752-55 (1978); Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990).

For the foregoing reasons, I dismiss the Complaint without prejudice for failing to state a claim upon which relief may be granted. Because Plaintiff's pending motion to amend does not remedy the insufficiency of the Complaint and seeks only leave to file an amended complaint in the future, the motion to amend is denied as futile. See, e.g., Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962).

ENTER: This 3rd day of September, 2014.

*[signature]*
Senior United States District Judge

---

Supreme Court of the United States has denied Plaintiff's petition for a writ of certiorari.
    Federal court records also reveal that the appeal in Adrien v. Unknown was dismissed because the Court of Appeals lacked jurisdiction over the appealed order, which was not final or otherwise appealable. No. 12-7585, slip op. at 1 (4th Cir. May 28, 2013).
    [3] I note that Plaintiff alleges that the involuntary commitment order entered in November 2013 was valid for only 180 days and that prison officials would have to file a request with the state circuit court to renew the involuntary commitment for another 180 day period. See VA. CODE §§ 37.2-817, 37.2-817.4